UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY A. GRESSLER,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

Case No. 1:19-cv-950

HON. JANET T. NEFF

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action under 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration denying his second claim for disability insurance benefits (DIB).  The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court vacate the decision of the Administrative Law Judge (ALJ) rendered on behalf of the Commissioner and remand the matter for further administrative action pursuant to sentence four of 42 U.S.C. 405(g).  The matter is presently before the Court on Defendant's objection to the Report and Recommendation.  Plaintiff filed a response to the objection.  In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), this Court has performed de novo review of the portions of the Report and Recommendation to which Defendant objects.  For the following reasons, the Court denies the objection and issues this Opinion and Order.

After analyzing the ALJ's decision and summarizing the relevant case law and administrative policies, the Magistrate Judge determined that the ALJ's residual functioning

capacity (RFC) assessment violates res judicata principles inasmuch as the ALJ did not merely consider her previous RFC analysis, but instead considered her prior RFC findings a "mandatory starting point" (R&R, ECF No. 13 at PageID.890-891). Specifically, the Magistrate Judge pointed to the ALJ's statements that absent new and material evidence indicating a change in Plaintiff's condition, her previous RFC findings "are binding" and "must" be adopted (*id.,* quoting ECF No. 6-2 at PageID.40-41).

In objecting to the Report and Recommendation, Defendant contends that the ALJ conducted a "fresh review" of Plaintiff's second application for benefits and that the ALJ's "detailed, eight-page, single-spaced analysis of the new evidence submitted since the prior decision indicates that she did not consider herself to be 'precluded by the first ruling' from making a different finding" (Def. Obj., ECF No. 14 at PageID.894). Defendant argues that because the ALJ "permissibly determined that the new evidence did not warrant a departure from the prior RFC," remand is not required (*id.*).

Defendant's objection does not reveal an error by the Magistrate Judge. Rather, the Court agrees that a review of the ALJ's decision reveals a violation of res judicata principles, as described by the Magistrate Judge. Given the factual disputes in this case, the ALJ "should have another opportunity to review the application under the correct standard." *Earley v. Comm'r of Soc. Sec.*, 893 F.3d 929, 934 (6th Cir. 2018).

Accordingly:

**IT IS HEREBY ORDERED** that the Objection (ECF No. 14) is DENIED; the Report and Recommendation of the Magistrate Judge (ECF No. 13) is APPROVED and ADOPTED as the Opinion of the Court; and the decision of the Commissioner of Social Security is VACATED, and

this matter is REMANDED for further administrative action pursuant to sentence four of 42 U.S.C. 405(g).

Dated:  March 17, 2021               /s/ Janet T. Neff
                                     JANET T. NEFF
                                     United States District Judge