UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

T<small>ERRY</small> G<small>RESSLER</small>,

    Plaintiff,

v.

C<small>OMMISSIONER OF</small>
S<small>OCIAL</small> S<small>ECURITY</small>,

    Defendant.
_____/

Hon. Janet T. Neff

Case No. 1:19-cv-950

## **REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act. (ECF No. 19). On March 17, 2021, the Court remanded this matter to the Commissioner for further administrative action pursuant to sentence four of 42 U.S.C. § 405(g). Plaintiff's counsel now seeks $5,825.00 in fees and costs. Specifically, counsel requests $5,425.00 in attorney's fees as well as reimbursement of the $400 filing fee. Defendant does not object to counsel's request. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be granted.

Pursuant to the Equal Access to Justice Act (EAJA), the prevailing party in an action seeking judicial review of a decision of the Commissioner of Social Security may apply for an award of fees and costs. See 28 U.S.C. § 2412(d)(1)(A). While a prevailing party is not entitled, as a matter of course, to attorney fees under the EAJA, *see United States v. 0.376 Acres of Land*, 838 F.2d 819, 825 (6th Cir. 1988),

fees and costs are to be awarded unless the Court finds that the Commissioner's position was "substantially justified" or that "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Neither exception applies here.

The Court finds the number of hours expended in this matter, as well as the hourly rate requested, to be reasonable. Counsel's request to be reimbursed for the $400 filing fee is also appropriate and compensable. *See Harrington v. Commissioner of Social Security*, 2020 WL 8224963 (W.D. Mich., Dec. 28, 2020). Accordingly, the undersigned recommends that EAJA fees be awarded in the amount of five thousand, eight hundred twenty-five dollars ($5,825.00). But, in light of the Supreme Court's decision in *Astrue v. Ratliff*, 560 U.S. 586 (2010), this order awarding EAJA fees must be entered in Plaintiff's favor. *Id.* at 591-93; see also, 28 U.S.C. § 2412(d)(1)(A) (the EAJA awards fees "to a prevailing party"); *Kerr v. Commissioner of Social Security*, 874 F.3d 926, 934-35 (6th Cir. 2017) (reaffirming that *Astrue* requires EAJA fees to be paid to the claimant).

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act (ECF No. 19) be **GRANTED**. Specifically, the undersigned recommends that Plaintiff be awarded $5,825.00 pursuant to the EAJA and that such be paid directly to Plaintiff.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                            Respectfully submitted,

Date: May 12, 2021                        /s/ Phillip J. Green
                                            PHILLIP J. GREEN
                                            United States Magistrate Judge