UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY GRESSLER,

        Plaintiff,                                    Hon. Janet T. Neff

v.                                                  Case No. 1:19-cv-950

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b). (ECF No. 24). On March 17, 2021, this matter was remanded to the Commissioner for further administrative proceedings. (ECF No. 17-18). Plaintiff was subsequently awarded disability benefits and counsel now moves for $14,625.00 in fees, as detailed in his motion. Defendant does not oppose the motion. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that counsel's motion be granted in part and denied in part.

The Social Security Act provides that "whenever a court renders a judgment favorable to a claimant...who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). There exists "a rebuttable presumption of reasonableness to contingency-fee arrangements that comply

with § 406(b)'s 25-percent cap." *Lasley v. Commissioner of Social Security*, 771 F.3d 308, 309 (6th Cir. 2014). Nevertheless, counsel is not automatically entitled to 25 percent of his client's past-due benefits. Instead, the Court has an independent obligation to assess the reasonable of a request for attorney fees. *See Gisbrecht*, 535 U.S. at 807 ("§ 406(b) calls for court review of [contingent-fee agreements] as an independent check, to assure that they yield reasonable results in particular cases"). The burden to establish that a fee request is reasonable rests with counsel. *Ibid.*

As part of her award of disability benefits, Plaintiff was awarded past-due benefits from which $31,481.75 was withheld to pay counsel. (ECF No. 24 at PageID.940). Counsel was previously awarded fees pursuant to the Equal Access to Justice Act (EAJA) in the amount of $5,825.00.[1] (ECF No. 22-23). Counsel now requests an additional $14,625.00 to be paid from Plaintiff's back benefit award. Counsel's request is consistent with his fee agreement with Plaintiff, (ECF No. 24 at PageID.944), as well as § 406(b).

Counsel secured for his client a favorable outcome and there is neither evidence nor suggestion that counsel's work in securing benefits for Plaintiff was sub-standard or otherwise deficient. The requested award does not equate to an unreasonable hourly rate or otherwise result in an unfair windfall to counsel. The Court must also take into consideration the general risk associated with contingent fee cases. *See, e.g., Ballatore v. Commissioner of Social Security*, 2015 WL 5830836 at *5 (E.D. Mich., Aug. 5, 2015) (one consideration in the windfall analysis is whether counsel obtained a large award with

---

[1] In his motion, counsel incorrectly states that $5,425.00 was awarded in EAJA fees.

2

minimal risk). Considering the relevant circumstances, the Court finds counsel's request to be reasonable.

While counsel is entitled to receive a portion of Plaintiff's past-due benefits, any award pursuant to § 406(b) must account for any amounts previously paid to counsel pursuant to the Equal Access to Justice Act. *See Gisbrecht*, 535 U.S. at 795-96 (where counsel receives a fee award pursuant to both the EAJA and 42 U.S.C. § 406(b), he must "[r]efund to the claimant the amount of the smaller fee"). The Court previously awarded $5,825.00 in EAJA fees, (ECF No. 22-23), which was ultimately paid to counsel pursuant to his fee agreement with Plaintiff. (ECF No. 26). Rather than award counsel the entire amount to which he is entitled and order him to refund to Plaintiff the amount previously paid in EAJA fees, the Court will instead simply reduce the amount awarded to counsel under § 406(b) by the amount previously awarded under the EAJA. *See, e.g., Gonzales v. Saul*, 2020 WL 7050033 at *3 (E.D. Tenn., Nov. 6, 2020) (reducing the amount awarded under § 406(b) by the amount awarded under the EAJA satisfies the refund requirement identified in *Gisbrecht*).

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b), (ECF No. 24), be granted in part and denied in part. Specifically, the Court recommends that counsel be awarded eight thousand, eight hundred dollars and zero cents ($8,800.00) in fees pursuant to 42 U.S.C. § 406(b).

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                                    Respectfully submitted,

Date: March 23, 2023                                   /s/ Phillip J. Green
                                                          PHILLIP J. GREEN
                                                          United States Magistrate Judge